COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARLON PHILLIPS, | § | No. 08-09-00128-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 175th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Bexar County, Texas |
| | § | |
| Appellee. | | (TC# 2007CR7456W) |
| | § | |
| | § | |

**MEMORANDUM  OPINION**

Marlon Phillips appeals a judgment adjudicating guilt and revoking community supervision for the offense of possession of a controlled substance, four to two hundred grams. Appellant originally entered a negotiated plea of nolo contendre to the charge and was placed on community supervision for a term of 5 years.  In February 2009, the State filed a motion to revoke community supervision and adjudicate guilt.  Appellant admitted to violating one of the conditions of his probation, and the trial court sentenced him to 7 years' incarceration and imposed a $1,500 fine.  Appellant filed a *pro se* notice of appeal.

Appellant's appointed counsel has filed a brief in which she concludes that the appeal is frivolous and without merit.  Appellate counsel states that she has studied the record and has found no error preserved for appeal that could serve as grounds for reversible error.  The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record, and demonstrating why, in effect, there are no arguable grounds to be

advanced.[1] *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). Appellate counsel, however, presents two proposed issues in the brief.

In Issue One, counsel proposes a potential argument exists pursuant to the United States Supreme Court's recent decision in *Arizona v. Gant*, --- U.S. ---, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).

Appellant was originally charged with possession of a controlled substance in August of 2007. Appellant entered into a plea agreement, according to which he entered a plea of nolo contendre plea to the charge in exchange for deferred adjudication and community supervision. In April and November of 2008, the Bexar County Supervision and Corrections Department reported Appellant had failed to comply with several of the conditions of his community supervision, including failing to meet with his probation officer. The State filed its motion to adjudicate guilt and revoke community supervision based on the violations.

Appellant was arrested on January 19, 2009, following a traffic stop. When the patrol officer stepped away from Appellant's vehicle to verify Appellant's identification, Appellant jumped out of the car and started running. Once Appellant was apprehended, the officer placed him under arrest. After Appellant was in custody, the officer searched the vehicle and located a handgun. Subsequently, the State amended its motion to adjudicate guilt to include two additional probation violations; evading arrest and possession of a firearm.

Counsel points out what is arguable that the handgun was discovered incident to an illegal search of Appellant's vehicle according to the *Gant* decision. *See Gant*, --- U.S. at ---, 129 S.Ct.

---

[1] A copy of counsel's brief has been delivered to Appellant, informing him of his right to file a brief *pro se*. Appellant has not done so.

at 1719 (holding police are authorized to search vehicle passenger compartment incident to arrest only when, "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search," or "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.")(internal quotations omitted). However, counsel also notes that the trial court based its decision to adjudicate guilt based specifically on the prior probation violations, and ruled against the State regarding the unlawful possession of a firearm. Because the court did not consider the weapon in its decision to adjudicate guilt, the admissibility of the gun and the propriety of the search were never at issue. Therefore, the *Gant* decision was not implicated and Issue One is overruled.

Counsel asserts a second arguable point of error exists regarding Appellant's receipt of effective assistance of counsel at trial. Appellate counsel argues Appellant arguably received ineffective assistance when his trial counsel allowed him to plead "true" to the State's allegations of failing to report to his parole officer, as such a plea was all that was required for the trial court to adjudicate guilt. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979).

We review claims of ineffective assistance of counsel under a two-pronged test. First, an appellant must establish counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674 (1984); *Mallet v. State*, 65 S.W.3d 59, 62-3 (Tex.Crim.App. 2001). Second, the appellant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Mallet*, 65 S.W.3d at 62-3.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

When we review a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and the appellant must overcome the presumption that the challenged conduct can be considered sound trial strategy.  *Jackson*, 877 S.W.3d at 771.  The record on direct appeal will generally be insufficient to show that counsel's representation was so deficient as to meet the first prong of the *Strickland* analysis because the reasonableness of counsel's choices often involve facts that do not appear in the appellate record.  *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003).  As there is no record of the basis for trial counsel's decision to allow Appellant to enter the plea, we cannot conclude that counsel's performance fell below an objective standard of reasonableness.  Issue Two is overruled.

In addition to reviewing and overruling appellate counsel's proposed points of error, we have carefully reviewed the entire record and agree that the appeal is wholly frivolous and without merit.  Further, we find nothing in the record that may arguably support the appeal.  Accordingly, we affirm the trial court's judgment.

September 30, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)